UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

```
-------------------------------------------------------- x
In re:                                        :
                                              :          Chapter 13
BARBARA JEAN SINGLETARY,                       :
                                              :          Case No.: 26-80117
                            Debtor.           :
                                              :
-------------------------------------------------------- x
```

**OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN**

Santander Bank, N.A., as servicer for Santander Consumer USA Inc. ("Movant"), a secured creditor herein, by and through its undersigned attorneys, files its objection to confirmation of the proposed plan and states as follows:

1.      On April 17, 2026, Barbara Jean Singletary (the "Debtor"), filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code (the "Petition Date").

2.      This Court has jurisdiction of the parties and the subject matter pursuant to 28 U.S.C. §§157, 1334 and 11 U.S.C. § 1324.

3.      On June 10, 2022, the Debtor executed and delivered that certain Retail Installment Sale Contract - Simple Finance Charge (the "Contract") to Movant for the purchase of a 2014 Ford Fiesta bearing Vehicle Identification Number 3FADP4AJXEM189634 (the "Collateral"). A true and correct copy of the Contract is attached hereto as Exhibit "A."

4.      In order to secure its purchase money security interest evidenced by the Contract, Movant recorded it's lien by notating the Title (the "Title"), a true and correct copy of which is attached hereto as Exhibit "B."

5.      On April 17, 2026, the Debtor filed a Chapter 13 Plan (D.E. 4) (the "Plan").

6.      Movant is owed $4,381.72 as of the Petition Date ("Movant's Claim").

7.      The Plan is silent as to the treatment of Movant's Claim. The Plan fails to provide for the proper treatment of Movant's Claim as a secured claim with lien retention. Movant holds a purchase money security interest in the Collateral, and the value of the Collateral ($5,125.00) exceeds the amount of Movant's Claim, rendering Movant's Claim fully secured.

8.      This is prejudicial to Movant as the Plan must either provide for surrender of the Collateral, direct payment by the Debtor, or payment of Movant's full secured claim with interest and lien retention pursuant to 11 U.S.C. § 1325(a)(5).

9.      The Plan treatment also fails to cure pre-petition arrears. Movant objects based on the fact the Debtor is not curing the pre-petition arrears or maintaining the regular monthly payments. This is prejudicial to Movant as the pre-petition arrears should be cured and regular monthly payments maintained over the course of this case pursuant to 11 U.S.C. § 1322(b)(5).

10.     The Plan fails to provide that the value, as of the effective date of the Plan, of property to be distributed to Movant under the Plan on account of its claim is not less than the allowed amount of such claim pursuant to 11 U.S.C. § 1325(a)(5)(B)(ii).

11.     The Plan is not properly funded because it does not propose to pay the amounts due and owing, including pre-petition arrearages, to Movant.  Thus, the Debtor cannot make all payments under the Plan and to comply with the Plan as required by 11 U.S.C. § 1325(a)(6).

12.     The Plan has not been accepted by Movant pursuant to 11 U.S.C. § 1325(a)(5)(A).

13.     The failure of the Debtor to pay Movant the total amount of the pre-petition arrears demonstrates that the Plan is not feasible and therefore cannot be confirmed.

14.     Movant demands that the Debtor amend the Plan to provide for surrender of the Collateral, direct payment by the Debtor, or payment of Movant's full secured Claim ($4,381.72)

2

with lien retention at a *Till* rate of interest of 8.75%, with equal monthly payments and adequate protection payments of at least 1% of Movant's Claim.

WHEREFORE, Movant requests this Court to deny confirmation of the Plan and for such further relief as this Court deems appropriate.

Dated:  June 28, 2026                    WOMBLE BOND DICKINSON (US) LLP

By:  /s/ Eudora F. S. Arthur
EUDORA F. S. ARTHUR
N.C. State Bar. No. 59854
555 Fayetteville Street, Suite 1100
Raleigh, NC  27601
Telephone: (919) 755-2178
dorie.arthur@wbd-us.com

*Attorneys for Movant*

3

**CERTIFICATE OF SERVICE**

I, the undersigned, of Womble Bond Dickinson (US) LLP, hereby certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on this day, I served a copy of the foregoing Objection to Confirmation on:

>Barbara Jean Singletary
>18041 Queen Rd.
>Laurinburg, NC 28352
>*Debtor*

by depositing the same in the United States mail, first class, postage prepaid.

That on this day, the foregoing Objection to Confirmation was served by electronic means through the Court's CM/ECF service on:

>Brett Smith Yauger
>*Attorney for Debtor*
>
>Anita Jo Kinlaw Troxler
>*Chapter 13 Trustee*
>
>John Paul Hughes Cournoyer
>*Bankruptcy Administrator*

I certify under penalty of perjury that the foregoing is true and correct.

Dated: June 28, 2026

WOMBLE BOND DICKINSON (US) LLP

By:    /s/ Eudora F. S Arthur
       EUDORA F. S. ARTHUR
       NC State Bar Number 59854
       555 Fayetteville St., Suite 1100
       Raleigh, NC 27601
       Telephone: (919) 755-2178
       dorie.arthur@wbd-us.com

*Attorneys for Santander Bank, N.A., as servicer for Santander Consumer USA Inc.*

4

## RETAIL INSTALLMENT SALE CONTRACT
### SIMPLE FINANCE CHARGE
### THIS IS A CONSUMER CREDIT DOCUMENT

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| BARBARA JEAN SINGLETARY<br>18041 QUEEN RD<br>Laurinburg, NC 28352 Scotland | | Scotland Motors, Inc.<br>1609 S Main St<br>Laurinburg NC 28352 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements in this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| USED | 2014 | FORD FIESTA | 3FADP4AJXEM189634 | Personal, family, or household unless otherwise indicated below<br>☐ business<br>☐ agricultural  ☐ _____ |

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $ 1,800.00 is |
|---|---|---|---|---|
| 26.41 % | $ 7,031.46 | $ 8,669.94 | $ 15,701.40 | $ 17,501.40 |

**Your Payment Schedule Will Be:** (e) means an estimate

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 60 | $ 261.69 | MONTHLY beginning 07/10/2022 |
| n.a. | $ n.a. | n.a. |

**Late Charge.** If payment is not received in full within 10 days after it is due, you will pay a late charge of $ 15.00.

**Prepayment.** If you pay early, you will not have to pay a penalty.

**Security Interest.** You are giving a security interest in the vehicle being purchased.

**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only to goods or services obtained primarily for personal, family, or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

**Returned Check Charge:** You agree to pay a charge of $ 35.00 if any check you give us is dishonored.

☐ VENDOR'S SINGLE INTEREST INSURANCE (VSI insurance): If the preceding box is checked, the Creditor requires VSI insurance for the initial term of the contract to protect the Creditor for loss or damage to the vehicle (collision, fire, theft, concealment, skip). VSI insurance is for the Creditor's sole protection. This insurance does not protect your interest in the vehicle. You may choose the insurance company through which the VSI insurance is obtained. If you elect to purchase VSI insurance through the Creditor, the cost of this insurance is $ n.a. and is also shown in item 4B of the Itemization of Amount Financed. The coverage is for the initial term of the contract.

**OPTIONAL GAP CONTRACT.** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term _____ n.a. _____ Mos. __n.a.__ _____
Name of Gap Contract

I want to buy a gap contract.

Buyer Signs X _____

Buyer Signs X _Barbara Jean Singletary_ Co-Buyer Signs X _____

Page 1 of 4

## ITEMIZATION OF AMOUNT FINANCED

1  Cash Price (including $ _____302.19 sales tax)                                          $ _____9,976.19 (1)

2  Total Downpayment =

Trade-in n.a.
_____
(Year)          (Make)                    (Model)

| | |
|---|---|
| Gross Trade-In Allowance | $ _____n.a. |
| Less Pay Off Made By Seller to n.a. | $ _____n.a. |
| Equals Net Trade In | $ _____n.a. |
| + Cash | $ _____1,800.00 |
| + Other n.a. | $ _____n.a. |
| + Other n.a. | $ _____n.a. |
| + Other n.a. | $ _____n.a. |

(If total downpayment is negative, enter "0" and see 4I below)               $ _____1,800.00 (2)

3  Unpaid Balance of Cash Price (1 minus 2)                                          $ _____8,176.19 (3)

4  Other Charges Including Amounts Paid to Others on Your Behalf

(Seller may keep part of these amounts):

A  Cost of Optional Credit Insurance Paid to Insurance Company or Companies.

Life _____  $ _____ n.a.

Disability _____  $ _____ n.a.  $ _____n.a.

B  Vendor's Single Interest Insurance Paid to Insurance Company        $ _____n.a.

C  Other Optional Insurance Paid to Insurance Company or Companies  $ _____n.a.

D  Optional Gap Contract                                                          $ _____n.a.

E  Official Fees Paid to Government Agencies

n.a. _____                                        $ _____n.a.

F  Government Taxes Not Included in Cash Price

n.a. _____                                        $ _____n.a.

G  Government License and/or Registration Fees

License 38.75

Registration n.a.                                                          $ _____38.75

H  Government Certificate of Title Fees                                       $ _____56.00

I  Other Charges (Seller must identify who is paid and describe purpose)

| | | |
|---|---|---|
| to n.a. | for Prior Credit or Lease Balance | $ _____n.a. |
| to n.a. | for n.a. | $ _____n.a. |
| to Scotland Motors, Inc. | for Doc Fee | $ _____399.00 |
| to n.a. | for n.a. | $ _____n.a. |
| to n.a. | for n.a. | $ _____n.a. |
| to n.a. | for n.a. | $ _____n.a. |
| to n.a. | for n.a. | $ _____n.a. |
| to n.a. | for n.a. | $ _____n.a. |
| to n.a. | for n.a. | $ _____n.a. |
| to n.a. | for n.a. | $ _____n.a. |
| to n.a. | for n.a. | $ _____n.a. |
| to n.a. | for n.a. | $ _____n.a. |
| to n.a. | for n.a. | $ _____n.a. |

Total Other Charges and Amounts Paid to Others on Your Behalf        $ _____493.75 (4)

5  Amount Financed (3 + 4)                                                          $ _____8,669.94 (5)

**OPTION:** NA You pay no finance charge if the Amount Financed, item 5, is paid in full on or before

_____N.A._____ , Year __N.A.__ . SELLER'S INITIALS __N.A.__

Buyer Signs X *Barbara Jan Snyder* Co-Buyer Signs X _____

---

Insurance. You may buy the physical damage insurance this contract requires from anyone you choose or you may provide the required insurance through an existing policy owned or controlled by you. Insurance you provide must be acceptable to us. You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest Insurance is required is checked below.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

Check the insurance you want and sign below:

### Optional Credit Insurance

☐ Credit Life:  ☑ Buyer  ☐ Co-Buyer  ☐ Both
☐ Credit Disability:  ☐ Buyer  ☐ Co-Buyer  ☐ Both

Premium:

Credit Life $ _____n.a.

Credit Disability $ _____n.a.

Insurance Company Name n.a.

n.a.

Home Office Address n.a.

n.a.

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not to buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

### Other Optional Insurance

☐ n.a. _____ n.a.
Type of Insurance                    Term

Premium $ _____n.a.

Insurance Company Name n.a.

n.a.

Home Office Address n.a.

n.a.

☐ n.a. _____ n.a.
Type of Insurance                    Term

Premium $ _____n.a.

Insurance Company Name n.a.

n.a.

Home Office Address n.a.

n.a.

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.

I want the insurance checked above.

X _____
Buyer Signature                    Date

X _____
Co-Buyer Signature               Date

**THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE CAUSED TO OTHERS. WITHOUT SUCH INSURANCE YOU MAY NOT OPERATE THIS VEHICLE ON PUBLIC HIGHWAYS.**

Page 2 of 4

# OTHER IMPORTANT AGREEMENTS

## 1. FINANCE CHARGE AND PAYMENTS

**a. How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.

**b. How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose as the law allows.

**c. How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on page 1 of this contract on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

**d. You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

## 2. YOUR OTHER PROMISES TO US

**a. If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

**b. Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

**c. Security Interest.**
You give us a security interest in:
- The vehicle and all parts or goods installed in it;
- All money or goods received (proceeds) for the vehicle;
- All insurance, maintenance, service or other contracts we finance for you; and
- All proceeds from insurance, maintenance, service or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.

**d. Insurance you must have on the vehicle.**
You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. You agree to name us on your insurance policy as an additional insured and as loss payee. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and charge you must pay. The charge will be the premium for the insurance and a finance charge computed at the Annual Percentage Rate shown on page 1 of this contract.

If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

**e. What happens to returned insurance, maintenance, service, or other contract charges.** If we obtain a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

## 3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES

**a. You may owe late charges.** You will pay a late charge on each late payment as shown on page 1 of this contract. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.

**b. You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once. Default means:
- You do not pay any payment on time;
- You give false, incomplete, or misleading information during credit application;
- You start a proceeding in bankruptcy or one is started against you or your property; or
- You break any agreements in this contract.

The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

**c. You may have to pay collection costs.** If we hire an attorney to collect what you owe, you will pay attorney's fees and court costs, as the law allows. The maximum attorney's fee you will pay will be 15% of the amount you owe.

**d. We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device (such as GPS), you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you. If you do not ask for these items back, we may dispose of them as the law allows.

**e. How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle.

**f. We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.

We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.

Buyer Signs X _____ Co-Buyer Signs X _____

Page 3 of 4

g. **What we may do about optional Insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

## 4. WARRANTIES SELLER DISCLAIMS

**Unless the Seller makes an express warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.**

This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

5. **Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.

Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

6. **SERVICING AND COLLECTION CONTACTS**
You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

7. **APPLICABLE LAW**
Federal law and the law of the state of North Carolina apply to this contract.

---

### NO COOLING OFF PERIOD

**State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.**

---

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

---

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding. Buyer Signs X _Barbara Jean Singletary_ Co-Buyer Signs X _____

If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

**See the rest of this contract for other important agreements.**

**NOTICE TO RETAIL BUYER: Do not sign this contract in blank. You are entitled to a copy of the contract at the time you sign. Keep it to protect your legal rights.**

---

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You confirm that you received a completely filled-in copy when you signed it.

Buyer Signs X _____ Date 06/10/22  Co-Buyer Signs X _____ Date _____
Buyer Printed Name BARBARA JEAN SINGLETARY   Co-Buyer Printed Name _____

If the "business" use box is checked in "Primary Use for Which Purchased"; Print Name _____ Title _____

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X _____  Address _____

Seller signs Scotland Motors, Inc.  Date 06/10/22  By X _____ Title _____

Seller assigns its interest in this contract to Santander Consumer USA   (Assignee) under the terms of Seller's agreement(s) with Assignee.

☐ Assigned with recourse    ☒ Assigned without recourse    ☐ Assigned with limited recourse

Seller Scotland Motors, Inc.
By X _____   Title _____

STATE OF NORTH CAROLINA

**EXHIBIT B**

# CERTIFICATE OF TITLE

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE | BODY STYLE |
|---|---|---|---|
| 3FADP4AJXEM189634 | 2014 | FORD | 4S |

| TITLE NUMBER | TITLE ISSUE DATE 04/24/2026 | PREVIOUS TITLE NUMBER |
|---|---|---|

| ODOMETER READING |
|---|
| 089499 |
| ODOMETER STATUS |
| |
| TITLE BRANDS |

MAIL TO

SANTANDER CONSUMER USA INC
PO BOX 961288
FORT WORTH   TX   76161-

OWNER(S) NAME AND ADDRESS

BARBARA JEAN SINGLETARY
18041 QUEEN RD
LAURINBURG   NC   28352-6739

The Commissioner of Motor Vehicles of the State of North Carolina hereby certifies that an application for a certificate of title for the herein described vehicle has been filed pursuant to the General Statutes of North Carolina and based on that application the Division of Motor Vehicles is satisfied that the applicant is the lawful owner. Official records of the Division of Motor Vehicles reflect vehicle is subject to the liens if any herein enumerated at the date of issuance of this certificate.

As WITNESS his hand and seal of this Division of the day and year appearing in this certificate as the title issue date

COMMISSIONER OF MOTOR VEHICLES

| FIRST LIENHOLDER | DATE OF LIEN 06/10/2022 | |
|---|---|---|
| SANTANDER CONSUMER USA PO BOX 961288 FORT WORTH   TX   76161-0288 | | LIEN RELEASED BY SIGNATURE_____ TITLE_____DATE_____ |

| SECOND LIENHOLDER | DATE OF LIEN | |
|---|---|---|
| | | LIEN RELEASED BY SIGNATURE_____ TITLE_____DATE_____ |

| THIRD LIENHOLDER | DATE OF LIEN | |
|---|---|---|
| | | LIEN RELEASED BY SIGNATURE_____ TITLE_____DATE_____ |

| FOURTH LIENHOLDER | DATE OF LIEN | |
|---|---|---|
| | | LIEN RELEASED BY SIGNATURE_____ TITLE_____DATE_____ |

ADDITIONAL LIENS

ANY ALTERATIONS OR ERASURES VOID TITLE